# CHARLESTON.

## STATE *v.* W. E. STRAIGHT

(No. 5648)

Submitted October 5, 1926. Decided October 12, 1926.

RAPE—*In Prosecution for Rape, Admitting Extrajudicial Statement of Prosecuting Witness, Naming Accused and Detailing Particulars of Offense, Unless Under Circumstances Constituting Part of Res Gestae, or Offered to Corroborate Such Witness After Being Impeached, is Error.*

It is reversible error to admit in a trial for rape the extrajudicial statement of the prosecuting witness naming the accused and detailing the particulars of the crime; unless made under such circumstances as to constitute part of the *res gestae*, or offered for the purpose of corroborating the prosecuting witness when her testimony has been impeached.

(Rape, 33 Cyc. pp. 1462, 1517.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Marion County.

W. E. Straight was convicted of rape, and he brings error.

*Reversed and remanded.*

*Shaw & Shaw* for plaintiff in error.

*Howard B. Lee,* Attorney General and *J. Luther Wolfe,* Assistant Attorney General for the State.

LITZ, PRESIDENT:

The defendant was convicted in the criminal court of Marion county June 18, 1925, and sentenced to serve a term

of eighteen years in the penitentiary, upon an indictment charging him with the rape of a ten year old child.

The crime is alleged to have been committed at the home of defendant in the town of Mannington. The case of the State was established by the testimony of the prosecuting witness and two physicians who examined her on the evening of the occurrence. The defendant denied any improper relations with the child, but admitted that she was in his house at the time the offense is alleged to have been committed.

As one of the numerous grounds of error complained of, it is charged that the trial court improperly permitted certain witnesses to relate statements made by the prosecutrix to them several hours after the attack, involving the details of the offense. It appears that one witness was permitted so to testify. According to the weight of authority, including the holdings of this Court, it is reversible error to admit in a trial for rape the extra-judicial statement of the prosecuting witness naming the accused and detailing the particulars of the crime; unless made under such circumstances as to constitute part of the *res gestae,* or offered for the purpose of corroborating the prosecuting witness when her testimony has been impeached. Neither of these exceptions applies to this case. It is proper to show, as corroborative testimony, the fact that prosecutrix made complaint of the outrage soon after its commission, but the particulars and the name of the person alleged to have committed the act should be excluded. *State* v. *Harrison,* 98 W. Va. 227; *State* v. *Peck,* 90 W. Va. 272; *Brogy* v. *Commonwealth,* 10 Gratt. (Va.) 722; 33 Cyc. p. 1463.

It is with extreme reluctance that we have decided to reverse the judgment complained of, and do so only under constraint of a salutary rule of evidence invoked by the defendant. It is exceedingly unfortunate that the prosecuting attorney and the trial court failed to observe the recent decisions of this Court, as well as the general law defining the rule of evidence under consideration.

Many of the other errors assigned are based upon alleged rulings of the court not disclosed by the record. The remaining ones are without basis in law.

The judgment is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed and remanded.*