# Richmond

## J. O. HUBBARD V. COMMONWEALTH OF VIRGINIA.

January 8, 1940.

Record No. 2224.

Present, All the Justices.

*S. R. Price,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

PER CURIAM.

We think it unnecessary to state in detail the facts in this case.

The plaintiff in error was convicted of the crime of rape committed upon a child of eight years and the verdict of

the jury fixing his term of confinement in the penitentiary at twenty-eight years was confirmed by the court.

The defendant alleges the commission of prejudicial error by the court in the admission of the testimony of two witnesses, Ann Patterson and Dorothy Montgomery, the former twelve years old and the latter an infant under the age of twenty-one years, to corroborate the sworn statements of the prosecutrix, by proving, by the said witnesses, that the prosecutrix had, on previous occasions, made the same, or substantially the same, statements to them as to her relations with the accused, that she made at the trial of the case.

That this is prejudicial error is made plain by the holding of this court in the cases of *Brogy* v. *Commonwealth,* 10 Gratt. (51 Va.) 722, 725; *Crowson* v. *Swan,* 164 Va. 82, 178 S. E. 898; and *Meadows* v. *McClaugherty,* 167 Va. 41, 187 S. E. 475.

The admission of testimony to prove declarations made by a witness out of court in corroboration of testimony given by him on the trial of the case is error, except under certain circumstances, which are not present in this case.

The Supreme Court of the State of West Virginia, in the case of *State* v. *Straight,* 102 W. Va. 361, 135 S. E. 163, a case involving a similar crime to the one in judgment, under similar circumstances, said:

"It is with extreme reluctance that we have decided to reverse the judgment complained of, and do so only under constraint of a salutary rule of evidence invoked by the defendant."

We must reverse the judgment of the trial court and remand the case, for to do otherwise would be to do violence to a fundamental principle of the law of evidence.

There are other assignments of error which do not need to be discussed.

For reasons given, we reverse the judgment of the trial court and remand the case.

*Reversed and remanded.*